IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA FREDRICK BROWN, JR., | ) |
| Petitioner, | ) Civil Action No. 2:23-cv-570 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| DISTRICT ATTORNEY OF ALLEGHENY COUNTY and SHANE DADY, *Interim Warden of Allegheny County Jail*, | ) |
| Respondents. | ) |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas corpus filed by Dana Fredrick Brown, Jr., pursuant to 28 U.S.C. § 2241. (ECF 3.) For the reasons below, the Court will deny the Petition because Brown's claims are moot and will deny a certificate of appealability.

**I.   Relevant Background**[2]

In 2017, Brown pleaded guilty in the Court of Common Pleas of Allegheny County (the "trial court") to various charges in cases at criminal docket numbers CP-02-CR-3291-2016, CP-02-CR-3808-2016 and CP-02-CR-3809-2016. The trial court sentenced him to an aggregate term of 11½ to 23 months of incarceration to be followed by 7 years of county probation.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The following background is taken from information provided by Respondents in their answer (ECF 21), to which they attached the relevant parts of the state court record. The Court also takes judicial notice of the information available on the trial court's public docket sheets, which are available online at https://ujsportal.pacourts.us.

1

In February 2023, when Brown was serving that term of probation, he was arrested and charged in three new cases in Allegheny County at criminal docket numbers CP-02-CR-14283-2019, CP-02-CR-3766-2023, and CP-02-CR-3784-2023. The arrest and new charges violated the terms of Brown's probation. Accordingly, on March 2, 2023, a probation violation detainer was lodged against him. He was then held in custody in the Allegheny County Jail on the probation violation detainer.

Brown's *Gagnon I*[3] hearing was held on March 23, 2023. His *Gagnon II* hearing was postponed until after the disposition of the pending criminal charges. The trial court subsequently denied Brown's motion to modify the detainer to permit him to be on supervised release or electronic home monitoring.

In January 2024, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF 3) in which he raises claims challenging the validity of the probation detainer and his custody in the Allegheny County Jail pursuant to that detainer. As relief, Brown seeks an order from this Court directing that he be released from the jail. (*Id.* at p. 7.)

In the Answer (ECF 21), Respondents assert that the Court should deny the Petition because Brown did not exhaust his available state court remedies. In Brown's Reply (ECF 27), he maintains, among other things, that he is excused from the exhaustion requirement.

---

[3] A defendant is generally entitled to two separate hearings prior to revocation of parole or probation. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The purpose of the first (*Gagnon I*) hearing is to "ensure against detention on allegations of violation that have no foundation of probable cause." *Commonwealth v. Perry*, 385 A.2d 518, 520 (Pa. Super. Ct. 1978). The purpose of the second (*Gagnon II*) hearing is to determine whether facts exist to justify revocation of parole or probation. *Id.*

After Brown filed his Reply in this case, he entered guilty pleas to some of the new charges pending against him and he was sentenced to time served. He was released from the Allegheny County Jail and is no longer incarcerated.

## II.     Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).

While § 2254 applies to post-trial situations, the more general habeas corpus statute, 28 U.S.C. § 2241, does provide federal courts with jurisdiction to issue a writ of habeas corpus filed by a state pretrial detainee, but only in very limited circumstances. The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pretrial petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46). Additionally, regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, a petitioner must first exhaust his available state-court remedies before he may proceed with his claims in federal court. 28 U.S.C.

3

§ 2254(b), (c); *see, e.g.*, *Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) and *Moore*, 515 F.2d at 441).

As explained above, Respondents argue in their Answer that the Court should dismiss Brown's claims based on lack of exhaustion. However, certain developments after they filed their answer require this Court to first address whether the habeas petition is now moot as that affects this Court's jurisdiction. *See, e.g.*, *Keitel*, 729 F.3d at 280. In this case, Brown is no longer a pretrial detainee. He has been released from the Allegheny County Jail and is no longer incarcerated. Accordingly, his request for federal habeas relief under § 2241 is moot and the Court will dismiss the petition for that reason. *See, e.g.*, *Williams v. New Jersey,* No. 18-cv-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (state prisoner's guilty plea moots his § 2241 habeas petition challenging pretrial detention); *Jones v. Mullen,* No 17-cv-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("where a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), report and recommendation adopted by, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018).

Because jurists of reason would not find it debatable whether Brown's § 2241 petition should be dismissed as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Date:  September 16, 2025

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge